# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1678-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

V.E.,

     Defendant-Appellant.

_____

Submitted August 1, 2018 – Decided August 8, 2018
Remanded by Supreme Court September 22, 2020
Resubmitted November 4, 2020 – Decided November 24, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 11-07-0653.

Harkavy, Goldman, Goldman & Gerstein, attorneys for appellant (Martin S. Goldman, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In July 2018, our Supreme Court held that CSAAS[1] evidence was no longer admissible to any extent as it lacked "a sufficiently reliable basis in science to be the subject of expert testimony."  State v. J.L.G., 234 N.J. 265, 272 (2018).  Two years later, on August 5, 2020, the Court gave its decision in J.L.G. pipeline retroactivity – deeming its determination applicable to any cases on direct appeal at the time of its ruling.  State v. G.E.P., 243 N.J. 362, 386-89 (2020).

We issued our decision in this case one week after the J.L.G. ruling.  We acknowledged the J.L.G. decision but concluded the CSAAS testimony presented in this case was "harmless in light of the overwhelming proof of defendant's guilt."  State v. V.E., No. A-1678-16 (App. Div. Aug. 8, 2018) (slip op. at 2 n.2).

On September 22, 2020, the Supreme Court granted defendant's petition for certification and summarily remanded to this court to "reconsider in light of State v. G.E.P."  State v. V.E., __ N.J. __ (2020).  In our reconsideration, the

---

[1] Child Sexual Abuse Accommodation Syndrome "includes five 'preconditions' that purportedly explain behaviors exhibited by sexually abused children."  State v. G.E.P., 243 N.J. 362, 369 (2020) (citing State v. J.Q., 130 N.J. 554, 568-70 (1993)).

Court instructed us to "reevaluate the conclusion in footnote 2, concerning harmless error, which predates State v. G.E.P." Ibid.

After reviewing the evidence presented during V.E.'s trial and governed by the principles of law adopted in J.L.G. and G.E.P., we conclude the admission of CSAAS testimony "was sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Jordan, 147 N.J. 409, 422 (1997) (quoting State v. Macon, 57 N.J. 325, 336 (1971)). We therefore vacate V.E.'s convictions and remand for a new trial.

We rely on the facts as presented in our prior decision. V.E., slip op. at 1-3. The State produced the three minor victims and the children's mother and grandmother as witnesses. Neither the mother nor the grandmother had witnessed the alleged sexual abuse. The State also produced the video-recorded statements of the victims. Defendant testified on his own behalf, denying the charged conduct.

Pertinent here, the State also produced Dr. Brett Biller, the training director at the Child Abuse and Maltreatment Center at St. Peter's University Hospital, who testified as an expert on CSAAS. There was no objection to Dr. Biller's testimony and defense counsel did not cross-examine the expert on any aspect of it.

A-1678-16T3

On appeal, defendant argued, in addition to other assertions, that CSAAS testimony should not be admitted in any capacity during a criminal trial. We concluded it was not an abuse of discretion to allow the testimony because Dr. Biller testified in accordance with the narrow parameters established in State v. J.R., 227 N.J. 393 (2017), and such limited testimony was still permitted at the time of defendant's trial. We affirmed defendant's conviction and sentence. V.E., slip op. at 3.

Today, however, we reconsider our determination on this issue and conclude that the Court's decision in G.E.P., and its consolidated cases, compels a reversal of defendant's convictions and remand for a new trial.

Here, there was no testimony other than the minor victims, the videos of the victim's testimony with investigators, and the children's mother and grandmother who did not witness the alleged abuse. During her summation, the prosecutor referred to Dr. Biller's testimony on multiple occasions. In the jury's eyes, therefore, the CSAAS testimony could have bolstered the victims' testimonial evidence.

As there was no objection at trial, we review for plain error. We are satisfied that the admission of the CSAAS testimony, now invalidated as unreliable, was "clearly capable of producing an unjust result." R. 2:10-2.

Without any other corroboration for the victims' allegations, the admission of the now-barred CSAAS testimony was an error "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might have not reached." Jordan, 147 N.J. at 422.

We vacate defendant's convictions only for the reasons stated above and in accordance with the instructions of the Court in its remand order. The remainder of defendant's assertions on the original appeal are without merit, as discussed in our first decision.

Vacated and reversed in part. Remanded for a new trial in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1678-16T3